UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Tennessee Commerce Bank, | ) ) ) ) | |
| Plaintiff | ) ) | No. 3:13-0519 |
| v. | ) ) | Judge Nixon/Brown |
| JAMES D. ASHMORE, | ) ) ) | **Jury Demand** |
| Defendant | ) | |

**O R D E R**

Presently pending in this case are three motions concerning discovery.

Docket Entry 14 is a motion to compel a third-party plaintiff Fiserv, Inc. (Fiserv) to comply with a subpoena *duces tecum* served on September 12, 2013, or a slightly revised subpoena *duces tecum* served on Fiserv on June 6, 2014.

This motion quickly produced a motion to quash and a response in opposition to the motion to compel by the Plaintiff as Receiver (FDIC-R) (Docket Entry 19), and a motion to quash the subpoena and response and opposition to the motion to compel by Fiserv (Docket Entry 22).

The Magistrate Judge set the matter for oral argument on July 1, 2014, and conducted a lengthy telephone conference with the parties about the matter.

As an initial matter, this is a prime example of a failure to communicate between the parties and failure to take timely action. The Defendant served a lengthy subpoena on September

12, 2013, and after being initially told that there were objections to the subpoena by Fiserv, let the matter rest until May 29, 2014, when Defendant's counsel made a specific request to Fiserv's counsel concerning whether they would comply with the September subpoena or not. At that point they got a firm "No."

The case management order (Docket Entry 9) specifically provided that discovery would be closed on June 2, 2014, and that prior to filing any discovery dispute motions, a telephone conference would be conducted with the Magistrate Judge. The first the Magistrate Judge learned of the problem was on June 12, 2014, when the Defendant filed his motion to compel. Letting an important discovery matter rest without action for almost nine months does not constitute due diligence.

The motion to compel produced objections by both the Plaintiff FDIC-R and the Third-Party Fiserv. Although the FDIC-R was aware of the subpoena as early as October, and instructed Fiserv not to comply with it, and also knowing that they had not been properly served by the Defendant with a copy of the subpoena as required by Fed. R. Civ. Pro. 45(4), they did not communicate any of this to Defendant's counsel until their June 19th motion.

Issues were raised concerning the FDIC-R's standing to object to a third-party subpoena. Fiserv then filed its own motion to quash the subpoena.

As noted above, the Magistrate Judge is not happy with any of the counsel due to their failure to get this matter resolved early on.

After discussion with the parties it appears that what the Defendant is actually seeking are emails between his client and a number of other people and several banks involved in a complicated financial arrangement in which Defendant admittedly signed a promissory note for several million dollars. The FDIC sued him on the note. He is attempting to raise as a defense an agreement between signers of the note and various banks that could substantially reduce his liability on the note. Admittedly, he did not sign the agreement himself.

The FDIC has taken the position that a timely subpoena was never served; that, regardless of service, any attempts regarding an unsigned understanding is precluded by the *D'Oench, Duhme* doctrine as announced by the Supreme Court in *D'Oench, Duhme & Co., Inc. v. Federal Department Insurance Corporation*, 315 U.S. 447 (1942). They argue that doctrine essentially holds that when a bank fails borrowers may not later defend against collection efforts by the FDIC on a note by arguing that they had an unwritten or oral agreement with the bank. *Id*. at 459-60. They point out that the holding of this case was subsequently codified and expanded in 12 U.S.C. § 1823(e), which provides:

(c) Agreements against interests of the [FDIC]

   (1) In general

>     No agreement which tends to diminish or defeat
> the interest of the [FDIC] in any asset acquired by
> it under this section or section 1821 of this
> title, either as security for a loan or by purchase
> or as receiver of any insured depository
> institution, shall be valid against the [FDIC]
> unless such agreement –
>
> > (A)  is in writing,
> >
> > (B)  was executed by the depository
> > institution and any person claiming an
> > adverse interest thereunder, including
> > the obligor, contemporaneously with the
> > acquisition of the asset by the
> > depository institution,
> >
> > (C)  was approved by the board of directors of
> > the depository institution or its loan
> > committee, which approval shall be
> > reflected in the minutes of said board of
> > committee, and
> >
> > (D)  has been, continuously, from the time of
> > its execution, an official record of the
> > depository institution.

They argue that if an agreement fails to meet any one of Section 1823(e)'s requirements, it is not valid against the FDIC. *Langley v. Federal Deposit Insurance Corporation*, 484 U.S. 86 (1987).

Fiserv argues that as a third party they should not be required to bear the expense of answering subpoenas given its breadth and that they should be allowed attorneys' fees for objecting to it. They argue that emails must be recovered from backup files and then searched for relevant material at great time and expense.

4

The Magistrate Judge must admit that after reading the definitions contained in the subpoena, even the revised subpoena (Docket Entry 14-7 at pp. 4-9), he has little, if any, idea of what the Defendant actually asked for. It now only involves emails.

It appears that both Fiserv and Defendant's counsel have used a provider that can perform these recovery and search services. The Magistrate Judge agrees with Fiserv that they should not be responsible for the costs of producing this material. Defendant's counsel agreed that they would be responsible for the cost of recovering and searching for relevant documents.

The Magistrate Judge believes that is entirely appropriate in this matter. However, the Magistrate Judge is not willing to impose attorneys' fees for Fiserv opposing the motion to compel, given the failure on both sides to really communicate about this problem for a prolonged period of time.

Likewise, given the fact that the FDIC was aware of the defect in serving the original subpoena in October and chose to lay low, the Magistrate Judge is not willing to grant the FDIC's motion to quash, particularly given the fact that there is now a revised subpoena, although outside the discovery deadline, which does comply with Rule 45.

The remaining nut which must be cracked, despite all the sound and fury over the subpoenas, is whether the material sought by the Defendant meets the relevancy requirements of Rule 26.

Having read the *D'Oench* case and the statute, the Magistrate Judge has reservations as to whether such evidence will be relevant. Defendant is pushing the edge of whether such emails, as he seeks are reasonably calculated to lead to the discovery of admissible evidence.

It may well be that such discovery will not lead to admissible evidence given the statute and the *D'Oench* case. However, even at this date, the Magistrate Judge is not in the position to make that determination. The Defendant will be allowed to fish for emails to see if he can come up with something. However, the Defendant will have to buy a fishing license, which includes the cost of such discovery from the third party.

Counsel for the Defendant and Fiserv are directed to confer and see if they can agree on an appropriate protective order, the scope of the emails, and who will do the recovery and search and provide a deadline for completion of such discovery by **July 18, 2014.**

Counsel for the FDIC indicated that, given the Magistrate Judge's rulings, they probably would not have further objections. Nevertheless, if they do have any objections, they must be called to the Magistrate Judge's attention on or before **July 25, 2014**.

Accordingly, the motion to compel (Docket Entry 14) is **GRANTED** in part as modified-limited to emails.

The FDIC's motion to quash (Docket Entry 19) is **DENIED.**

Fiserv's motion to quash (Docket Entry 22) is **DENIED** in part. However, the cost of production will be borne by the Defendant.

The scheduling order in the case (Docket Entry 9) is **MODIFIED** to provide that discovery may remain open until **September 8, 2014.**

Dispositive motions will be filed by **October 6, 2014**. Responses to dispositive motions shall be filed within **21 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **seven days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge