```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF TENNESSEE
                 NASHVILLE DIVISION
```

FEDERAL DEPOSIT INSURANCE       )
CORPORATION, as Receiver of     )
Tennessee Commerce Bank,        )
                                )
        Plaintiff               )
                                )     No. 3:13-0519
v.                              )     Judge Nixon/Brown
                                )     **Jury Demand**
JAMES D. ASHMORE,               )
                                )
        Defendant               )

## **O R D E R**

A telephone conference was held on August 13, 2014, at the request of the parties concerning the Defendant's Rule 30(b)(6) notice to the Plaintiff. As an initial matter, counsel for the FDIC Receiver (FDICR) pointed out that they are a separate corporation as Receiver of Tennessee Commerce Bank from the Federal Deposit Insurance Corporation (FDIC) itself. Counsel for the FDICR does not represent the FDIC. He advised that the 30(b)(6) request numbers 1, 2, 4, 5, 10, 12 and 15 should be directed to the FDIC, rather than to the FDICR.

The parties then discussed requests 6, 7, 8, 9 and 13. Counsel for the FDIC advised that his client would probably have no knowledge concerning most of these items. It was explained that the note in question, which was signed by the Defendant Ashmore, was originally for a debt in favor of Citizens Corporation. This note to Citizens Corporation was subsequently transferred to Tennessee Commerce Bank (TCB) and when TCB went into receivership the alleged right to collect on it was transferred to the FDICR. The

Plaintiff's basic position is that under the case law and statutes previously discussed in Docket Entry 24, any side deals involving Citizen Corporation, TCB, or other parties, were immaterial as a defense to the FDICR's claims.

The Defendant, on the other hand, contends that his note was never to TCB, but instead was to Citizen Corporation and, therefore, he has valid defenses inasmuch as when the note was transferred by Citizen Corporation to TCB, it was in return for stock and a note and TCB took both the stock and the note, but gave the Defendant no credit for the stock. He contends that this was a separate defense, regardless of whether it was in writing or not. The FDICR has a contrary view.

Counsel for FDICR stated that he would provide early next week the proper person to serve as for a 30(b)(6) witness of the FDIC and Defendant's counsel advised that he would serve a 30(b)(6) notice on them for items which he has been told is within their control.

The parties did not mention requests 3 and 16, so the Magistrate Judge assumes, with all the risks that entails, that the parties have resolved those two items outside the telephone conference.

The Magistrate Judge will note that chain of custody is perhaps more applicable to a drug sample from the time of its seizure until its analysis in a lab. Chain of custody is used in this civil case and to the Magistrate Judge means that the

Plaintiff should be able to show how the note was transferred or signed so as to become a note enforceable by the FDICR. The actual physical location and transfer of the note is relatively immaterial. The Magistrate Judge understands that the original note has been shown to the Defendant and there seems to be no argument as to whether he actually signed it or not. The key issue is whether the FDICR is entitled to enforce it against him.

The Magistrate Judge will not extend any of the deadlines in this case at the present time. Defendant's counsel has advised that, depending on the response of the FDIC, he may request additional time. The Magistrate Judge will leave that problem for another day.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge